## (February 8, 1972)

■ HARRIS L. PRESENT, Respondent, v. GROVENE ARANYI et al., Respondents, and THERESE PERRY, Appellant.— Order, Supreme Court, New York County, entered on July 9, 1971, unanimously reversed, on the law, the motion to punish for contempt is denied; and appellant shall recover of petitioner-respondent $30 costs and disbursements of this appeal. No certified copy of the contempt order was purported to be served on Therese Perry, as specifically required by CPLR 5104. In dealing with contempt, it is most essential there be certainty that the proper person cited actually receive notice. (See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5104.13, pp. 51–52.) Appeal from order, Supreme Court, New York County, entered September 13, 1971, denying motion for a rehearing, unanimously dismissed as academic, without costs and without disbursements. Concur — Stevens, P. J., McGivern, Murphy, Capozzoli and Macken, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK V. JAMES WARE.— On this appeal from a judgment of conviction rendered February 23, 1971, a notice of appeal was not filed until September 29, 1971. An appeal from a judgment of conviction must be taken within 30 days after the judgment was rendered. (Code Crim. Pro., § 521; CPL 460.10.) CPL 460.30 now permits an appellate court to extend the time for appeal under certain circumstances if the procedure provided for in that section is followed. Under the circumstances, defendant's application for poor person relief must be denied at this time without prejudice to a renewal, if, and when, defendant successfully obtains an extension of time to appeal pursuant to an application under CPL 460.30. Concur — Stevens, P. J., McGivern, Murphy, Capozzoli and Macken, JJ.